UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN CURTIS HART,** | ) | **CASE NO. 1:14 CV 205** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | <u>**OPINION AND ORDER**</u> |
| **LINDA C. BOND, MD., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

*Pro se* Plaintiff Kevin Curtis Hart filed this action under 42 U.S.C. § 1983, 22 U.S.C. §§

611-613, 618, and 31 U.S.C. §§ 3729-3733 against Physician Linda C. Bond, former Brecksville

and Wade Park Veterans Administration Hospital Director William D. Montague, Attorney Gary

N. Bakst, daughter Alisha A.P. Hart, Cuyahoga County Probate Court Judge John J. Corrigan,

Cuyahoga County Probate Court Magistrate John D. Polito, Cuyahoga County Probate Court

Magistrate Ralph Zurnick, Cuyahoga County Probate Court Magistrate Allen D. Shankman,

Cuyahoga County Probate Court Judge Laura Gallagher, and Cuyahoga County Probate Court

Magistrate David Mills.  In the Complaint, Plaintiff challenges the guardianship established for

him by the Cuyahoga County Probate Court in 2006.  He seeks monetary and injunctive relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis.* (ECF Dkt #2). That Application is granted.

## I. BACKGROUND

While Plaintiff's Complaint is quite lengthy, it contains very few decipherable factual allegations. It appears Plaintiff was transported to Saint Vincent's Charity Hospital by Cleveland Police in May 2006. He was later moved to the Brecksville Veterans Administration Hospital where Dr. Linda Bond conducted a psychiatric evaluation. She informed him that she would involuntarily commit him to the hospital unless he agreed to be admitted for treatment.

Cuyahoga County Probate Court dockets reflect Plaintiff was diagnosed with schizophrenia.[1] *See Guardianship of Kevin C. Hart*, No 2006GRD115397B (Cuyahoga Cty Ct. Comm. Pl. filed Aug. 16, 2006). A Guardianship was established for Plaintiff in 2006 in which Plaintiff's daughter, Alisha Hart, was appointed as the Guardian of his person, and Attorney Gary Bakst was appointed as Guardian of his estate. The Probate Court also appointed legal counsel for Plaintiff. Plaintiff contends the hearing to establish the Guardianship was conducted in his absence by Magistrate Polito. He was declared to be a ward of the state.

The remainder of Plaintiff's Complaint is not coherent. He refers to himself as "pastor new...[man]" and contends he has a "nonfederal mailing zone" in Lawrenceville, Georgia. He describes the Defendants as "government consul[s]." He attaches letters he wrote to the Department of Veteran's Affairs and the Social Security Administration, both dated July 19, 2006, in which he indicated his desire to "terminate all benefits and entitlements." He explains his belief that government benefits violate the Ten Commandments and equates them with

---

[1]    See http://probate.cuyahogacounty.us/pa/

idolatry and witchcraft.  He objects to his Guardian receiving social security benefits on his behalf.

Plaintiff asserts sixteen claims for relief.  In his first six Counts, he asserts claims for constitutional violations under 42 U.S.C. § 1983.  Counts Seven, Eight, Nine, Ten, Eleven, Thirteen, Fourteen and Fifteen assert causes of action arising under Ohio law.  Count Twelve contains a conspiracy claim under the False Claims Act and 18 U.S.C. §§ 241, 242 and 1001.  Finally, Count Sixteen asserts he was denied due process under the Foreign Agent Registration Act and the Ohio Constitution.  He asks this Court to enjoin the Defendants from using the Guardianship as the basis for denying him rights, void the Probate Court's declaration of incompetency, enjoin the Defendants from enforcing the order of the Probate Court, enjoin the Probate Court from continuing to administer his Guardianship, enjoin his Guardians from accepting government benefits for him, declare Ohio Revised Code §§ 2101 through 2135 to be unconstitutional as applied in his case and award him unspecified monetary damages.

## II.  LAW AND ANALYSIS

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which

clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Capacity to Sue**

As an initial matter, it does not appear on the face of the Complaint that Plaintiff has the capacity to bring this suit. The Federal Rules of Civil Procedure state that capacity to sue or be sued, in the case of an individual, is determined by the law of the state where the Court is located. Fed. R. Civ. P. 17(b)(3). Therefore, the propriety of a lawsuit against an individual who is subject to a Guardianship is governed by the law of the State of Ohio.

In Ohio, a person does not have the legal capacity to sue or defend an action after being

-4-

declared incompetent and having a Guardian appointed.  *See In Re Guardianship of Escola*, 41 Ohio App. 3d. 42, 43 (1987).  Ohio Revised Code § 2111.14 requires the Guardian of the estate to submit an initial inventory of the estate, to manage the estate in the ward's best interests, to pay and collect debts owed by or to the estate, and "to bring suit for the ward when a suit is in the best interests of the ward."  In turn, federal law provides that a Guardian may defend a legal action on behalf of an incompetent person.  Fed. R. Civ. P. 17(c)(1)(C).  Taken together, these provisions require that an incompetent person who already has a state-court appointed Guardian sue or be sued through that Guardian in his or her representative capacity.

Lack of capacity to sue or be sued, however, is not a jurisdictional defect.  *See LaMie v. Smith*, No. 1:12–cv–201, 2012 WL 3010942, at *6 (W.D. Mich. June 12, 2012)*; Estate of Burkhart v. United States*, No. C 07–5467 PJH, 2008 WL 4067429, at * 10 (N.D. Cal. Aug. 26, 2008).  Generally, the case caption would be modified to reflect that the Guardian of the estate is bringing the action on behalf of the Plaintiff, an incompetent person.  In this case, however, the Guardian of the estate, Gary Bakst, is named as a Defendant.

There is some authority for allowing a district court to appoint a Guardian Ad Litem despite the presence of a duly appointed Guardian where the interests of the appointed representative conflict with or are antagonistic to the incompetent person.  *See, e.g., M.F. ex rel. Branson v. Malott*, No. 1:11–CV–807, 2012 WL 1950274, at *6  (S.D. Ohio May 30, 2012)(suggesting a Guardian Ad Litem could be appointed to represent a ward of the state when the Guardian of the estate has a conflict of interest to bring the case); *Hogan v. Fresno County Sheriff's Deputy Robinson*, No. CIV–F–03–6408, 2005 WL 2064113, at *7 (E.D. Cal. Aug. 24, 2005) ("Where a representative has interests that conflict with the incompetent person whom he

represents or the representative is unable, unwilling or fails to participate without reason, then the District Court may appoint a Guardian Ad Litem.").  The decision to appoint a Guardian Ad Litem rests with the sound discretion of the district court and will not be disturbed unless there has been an abuse of discretion.  *Black v. Koch Transfer Co.*, No. 87–3841, 1988 WL 117155, at *2 (6th Cir. Nov.4, 1988).

The Court declines to appoint a Guardian Ad Litem in this case because the claims asserted in the pleading are fatally flawed and this Court is without jurisdiction to grant the requested relief.  This Court can neither enjoin a state court from proceeding with a case that is properly within its jurisdiction, nor can it reverse the decisions of that court and stay their execution.  Moreover, Plaintiff cannot bring an action in federal court in an attempt to relitigate matters that were previously decided by the state court in the hope of obtaining a different result.  Even if the Complaint could overcome these hurdles, Plaintiff asserts causes of action against Defendants who are not subject to suit or who are absolutely immune from suit.  Some of his claims rely on statutes which are not applicable to this situation or do not provide private causes of action.  This Court lacks subject matter jurisdiction to consider this case.

**Younger Doctrine**

As an initial matter, Plaintiff requests that this Court enjoin the Cuyahoga County Probate Court from enforcing orders issued in his Guardianship and from continuing to administer his Guardianship estate.  The Younger Abstention Doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state proceedings.  *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).  When a person is the subject of an ongoing state action involving important state matters, he or she cannot interfere with the

-6-

pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

A district court may abstain under the Younger Doctrine if three conditions exist: (1) there are state proceedings currently pending; (2) those proceedings involve an important state interest; and (3) the state court can provide the federal Plaintiff with an adequate opportunity to raise his or her constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

In this case, the conditions for Younger Abstention are satisfied. Cuyahoga County Probate Court dockets indicate the Guardianship is still active. *See Guardianship of Kevin C. Hart*, No 2006GRD115397B (Cuyahoga Cty Ct. Comm. Pl. filed Aug. 16, 2006). Furthermore, the State of Ohio has important interests in the administration of probate law. *Fischer v. Eastern State Hosp.*, No. 2:10–CV–120–HRW, 2011 WL 1118491, at *2-3 (E.D. Ky. Mar. 25, 2011); *Lewis v. North American Specialty Ins. Co.*, No. 2:09–cv–238, 2009 WL 950451, at *3 (S.D. Ohio Apr. 1, 2009). The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at

-7-

14.  When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary."  *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action.  The requirements of *Younger* are satisfied and this Court must abstain from interfering in the Probate Court Guardianship.

**Rooker-Feldman Doctrine**

Plaintiff also asks this Court to void the Probate Court's declaration of incompetency in his case and declare the Probate Court's actions to be unconstitutional.  United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by Writ of Certiorari.  *Id.*  Under this principle, generally referred to as the *Rooker-Feldman* Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights.  *Berry v. Schmitt*  688 F.3d 290, 298-99 (6th Cir. 2012).

The *Rooker-Feldman* Doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[2]  *See District of Columbia Court of Appeals v. Feldman*, 460

---

[2]   28 U.S.C. § 1257(a) provides:

Final judgments or decrees rendered by the highest court of a State

U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a Writ of Certiorari with the United States Supreme Court.  The *Rooker-Feldman* Doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts.  *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*,  606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

　　　*Rooker-Feldman* is a doctrine with narrow application.  It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99.  It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention and preclusion.  *Berry*, 688 F.3d 299.  Instead, the *Rooker-Feldman* Doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment.  *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).  To determine whether Rooker-Feldman bars a claim, the Court

---

　　　　　　　in which a decision could be had, may be reviewed by the Supreme Court by Writ of Certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

must look to the "source of the injury the Plaintiff alleges in the federal Complaint."
*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299;
*Kovacic*, 606 F.3d at 310.  If the source of the Plaintiff's injury is the state-court judgment itself,
then the *Rooker-Feldman* Doctrine bars the federal claim.  *McCormick*, 451 F.3d at 393.  "If
there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an
independent claim."  *Id*.; *see Lawrence*, 531 F.3d at 368-69.  In conducting this inquiry, the
Court should also consider the Plaintiff's requested relief.  *Evans v. Cordray*, No. 09–3998,
2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Looking to Plaintiff's Complaint, it is often difficult to determine the source of the injury
for each individual claim because Plaintiff shifts thoughts more than once when attempting to
state his claim.  He requests as relief that this Court void the Probate Court's finding of
incompetency and declare the Probate Court's decisions to be unconstitutional.  (ECF Dkt. #1 at
6-7).  To grant this relief, this Court would have to conclude that the state court's decisions were
flawed.  Under these circumstances, the source of Plaintiff's injury is the state court judgment
itself.  This Court lacks jurisdiction to consider that inquiry.

### *Res Judicata*

Plaintiff's claim against Zurnick in Count One and his state law claims against the other
Defendants in Counts Seven, Eight, Nine, Ten, Eleven, Thirteen, Fourteen and Fifteen all
require this Court to revisit issues that were addressed by the Probate Court in 2006.  Federal
Courts must give the same preclusive effect to a state-court judgment as that judgment receives
in the rendering state.  28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007);
*Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).  To determine the preclusive

effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered.  *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

Under Ohio law, the doctrine of *res judicata* dictates that "a final judgment or decree rendered upon the merits...by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Trustees*, 69 Ohio St.2d 241, 243 (1982).  Application of the doctrine of *res judicata* does not depend on whether the original claim explored all possible theories of relief.  *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000).  Rather, "a valid, final judgment upon the merits of the case bars any subsequent action 'based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'"  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion.  *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392 (2008).  Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).  The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit."  *Id.*  By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action."  *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.*,

80 Ohio St.3d 212, 217 (1997).  Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

In this case, the Probate Court determined Plaintiff was incompetent to manage his affairs due to a mental illness.  He now asserts tort claims for abuse of process, false imprisonment, false arrest, assault, battery, intentional infliction of emotional distress, negligence and negligent infliction of emotional distress stating Dr. Bond was incorrect in her diagnosis and the Defendants allowed that diagnosis to be used to have him declared incompetent, to restrict his ability to live where he chooses, to refuse medications or therapies and to accept and expend funds on his behalf without his approval.  In essence, Plaintiff is asking the Court to revisit the issue of his competency, declare that he was competent in 2006 and award him damages against the Defendants.  The Probate Court already litigated this issue.  This Court must give full faith and credit to that state court decision.  Plaintiff is barred by *res judicata* from litigating this issue for a second time in federal court.

In Count One, Plaintiff contends Zurnick did not properly serve him with process with regard to the 2006 competency hearing.  He states he spoke with Zurnick and told him the mailing address on the form was incorrect, that the court service form was therefore incomplete and improper.  He states he handed the form back to Zurnick.  The Probate Court sent a second notice of the hearing to Plaintiff at the Brecksville Veterans Administration Hospital and Plaintiff again refused service claiming it falsely stated his residence was the hospital ward.

Counsel was appointed to represent Plaintiff at the hearing.  The issue of proper service could and should have been asserted in the course of those proceedings.  He is barred by *res judicata* from asserting it in this pleading.

## 42 U.S.C. § 1983

Furthermore, Plaintiff's six claims under 42 U.S.C. § 1983 must be dismissed.  To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government official or employee.  Here, Gary Bakst and Alisha Hart are not government officials.  Mr. Bakst is a private attorney appointed by the Probate Court to act as the Guardian of Plaintiff's estate.  Ms. Hart is Plaintiff's daughter appointed by the Probate Court to act as the Guardian of Plaintiff's person.  A privately retained attorney is not considered a state actor under 42 U.S.C. § 1983.  *See Washington v. Brewer*, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991).  Moreover, Ms. Hart does not become a state actor merely by participating as a party in litigation.  *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980).  Gary Bakst and Alisha Hart are not proper parties to a § 1983 action.

In addition, John Corrigan, John Polito, Allen Shankman, Laura Gallagher, and David Mills are all Judges or Magistrates with the Cuyahoga County Probate Court.  Judicial officers are generally absolutely immune from civil suits for money damages.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  They are accorded this broad protection to ensure independent and impartial exercise of their judgment in a case is not

-13-

impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.

Here, Plaintiff objects to the decisions made by the Cuyahoga County Probate Court Judges and Magistrates in the course of the Guardianship since 2006. His claims against them are based solely on the interactions he had with them in their roles as judicial officers presiding over the Guardianship. Furthermore, Guardianship matters are well within the jurisdiction of the Probate Court. Although Plaintiff clearly disagrees with their decisions, he does not have recourse against these Judges and Magistrates for damages under 42 U.S.C. §1983.

Moreover, Plaintiff cannot obtain injunctive relief against the Judges and Magistrates. The civil rights statute expressly states "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not suggest these Defendants violated a declaratory decree. Consequently, he cannot bring claims under § 1983 against John Corrigan, John Polito, Allen Shankman, Laura Gallagher or David Mills for injunctive relief.

**False Claims Act, Foreign Agent Registration Act, and Criminal Statutes**

Plaintiff also asserts claims under the False Claims Act, the Foreign Agent Registration Act and criminal statutes, 18 U.S.C. §§ 241, 242, and 1001.  None of these statutes is applicable to Plaintiff's case.

The False Claims Act, 31 U.S.C. § 3729, "provide[s] for restitution to the government of money taken from it by fraud."  *United States ex rel. Augustine v. Century Health Services, Inc.*, 289 F.3d 409, 413 (6th Cir. 2002) (quoting *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 551 (1943)).  While the Act contains a *qui tam* provision, the United States Government, not the Plaintiff, is the wronged party under this action.  There is no suggestion in the Complaint that this provision is relevant to Plaintiff's Guardianship.

The Foreign Agent Registration Act, 22 U.S.C. § 612, provides: "No person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement and supplements thereto as required by subsections (a) and (b) of this section or unless he is exempt from registration under the provisions of this subchapter."  There is no indication that this statute contains a private right of action.  Moreover, while Plaintiff labels each of the Defendants as a "Government Consul," none of them are agents of a foreign principal.  This statute is also not applicable to Plaintiff's case.

Similarly, 18 U.S.C. §§ 241, 242, and 1001 are criminal statutes.  They provide no private right of action.  *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF Dkt #2) is

-15-

granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies,
pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good
faith.[3]

   IT IS SO ORDERED.


         s/ Christopher A. Boyko
         CHRISTOPHER A. BOYKO
         UNITED STATES DISTRICT JUDGE
DATED:  July 15, 2014

---

[3] 28 U.S.C. § 1915(a)(3) provides:

   An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not
   taken in good faith.